David E. BROOKS, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

and

Bayliner Marine Corporation, Intervenor.

No. 75–1148.

United States Court of Appeals, Ninth Circuit.

June 25, 1976.

Neil M. Herring (argued), of Finkel & Herring, Los Angeles, Cal., for petitioner.

Charles A. Shaw (argued), N. L. R. B., Washington, D. C., for respondent.

Before MERRILL and WRIGHT, Circuit Judges, and CRARY,* District Judge.

PER CURIAM:

Petitioner seeks review of a portion of the Board's order, reported at 215 *NLRB* 11, which concluded that his discharge from employment was not motivated by anti-union animus and consequently did not violate §§ 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158. The Board in reversing the administrative law judge's

* Honorable E. Avery Crary, Senior United States District Judge for the Central District of California, sitting by designation.

determination that a violation had occurred found that there was insufficient evidence to support the conclusion that at the time of the discharge the employer was aware of petitioner's union activity.

Petitioner asserts that the Board's order was erroneous because it improperly rejected the judge's credibility determinations. The judge, generally resolving credibility determinations in favor of petitioner, had concluded that the post-discharge rationales for its action offered by the employer were pretextual.

The Board did not disagree. Rather, it focused on the lack of evidence at the hearing to indicate that the employer was aware of petitioner's union activity. In the absence of such an awareness, the discharge could not have violated the Act. *NLRB v. Klaue*, 523 F.2d 410, 413 (9th Cir. 1975). Thus, the credibility determinations of the administrative law judge and the order of the Board are not, as petitioner suggests, incompatible.

Without rejecting his credibility determinations, the Board drew inferences from the facts contrary to those drawn by the administrative law judge. The record as a whole supports those inferences.

A reviewing court may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*." *NLRB v. Walton Mfg. Co.*, 369 U.S. 404, 405, 82 S.Ct. 853, 854, 7 L.Ed.2d 829 (1962); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Our standard of review is not altered because the Board and the administrative law judge disagreed. *NLRB v. Miller Redwood Co.*, 407 F.2d 1366 (9th Cir. 1969); *NLRB v. Levinson's Owl Rexall Drugs, Inc.*, 405 F.2d 494 (9th Cir. 1968).

The petition is dismissed.